UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ERIC DEWAYNE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:14-CV-125-BG |
| | ) | ECF |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Eric Dewayne Williams filed this action seeking review of an administrative decision denying his application for Supplemental Security Income. The United States Magistrate Judge entered a Report and Recommendation and recommended therein that the United States District Judge affirm the decision of the Acting Commissioner of Social Security and dismiss the action. Williams filed objections to the Report and Recommendation and the United States District Judge overruled the objections, adopted the Report and Recommendation, and dismissed Williams' Complaint. Williams filed a document entitled "Right to Object" one week later and the Clerk docketed the document as an "Objection." ECF No. 29.

Williams thereafter filed a Notice of Appeal, and the Court of Appeals dismissed the appeal because it was not filed within the time limitation set forth in the Federal Rules of Appellate Procedure. ECF No. 33. Within one week of the mandate dismissing the appeal, Williams filed the instant "Motion to Reopen and Reconsider," and the district judge referred the matter to the magistrate judge for report and recommendation.

I.     **Report**

Williams characterizes the motion as a "Motion to Reopen and Reconsider" but references "Rule 4" and uses the term "untimely" twice.  Mot. 2.  In addition, he includes the entirety of the briefing he submitted with his Notice of Appeal. Mot. 4–9.  The undersigned has therefore construed Williams' motion as a request to reopen the time to file an appeal.

Rule 4(a)(6) of the Appellate Rules of Civil Procedure permits a district court to reopen the time to file an appeal when it finds: (1) the moving party did not receive timely notice under Fed. R. Civ. P. 77(d) of the judgment or order to be appealed; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days of receiving notice under Rule 77(d), whichever is earlier; and (3) no party would be prejudiced.  Fed. R. App. P. 4(a)(6)(A)-(C).  *Id*.  Reopening of the time to file an appeal is not permitted unless each of the foregoing conditions is satisfied.

Assuming that a district court can apply Rule 4(a)(6) in a situation such as that found here —a case in which a notice of appeal was filed and a mandate has issued from an appellate court—reopening of time in this case is nonetheless impermissible under Fed. R. App. P. 4(a)(6). Williams implicitly acknowledged that he received timely notice of the order of dismissal and judgment in this action: the United States District Judge entered an order of dismissal and judgment on February 10, 2015, and Williams filed a document one week later and referred to the court's order of dismissal and judgment in the document he filed.  *See* ECF No. 29 at 2 (referring to the "Senior US District Judge" and February 10, 2015, and noting that he "oppose[d] his ruling").  It should therefore be found that relief is unavailable to Williams because he received timely notice of the judgment he wanted to appeal in this case.  In addition, Williams did not file the motion within

2

180 days of the entry of judgment. In short, the appropriate time for filing a motion for an extension of time was prior to the time that Williams filed his notice of appeal.

In addition and in the alternative, the United States District Judge should find that the mandate that was issued in this case indicates an intent of the Court of Appeals for the Fifth Circuit to dispense with this case. *Perez v. Stephens*, 784 F.3d 276, 281 (5th Cir. 2015). The Court of Appeals found that Williams failed to file his notice of appeal in a timely manner; it did not remand for the district court to determine whether an extension of time was appropriate.

## II.   Recommendation

The undersigned United States Magistrate Judge recommends that the United States District Judge deny Williams' "Motion to Reopen and Reconsider."

## III.   Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2015); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 8, 2015.

NANCY M. KOENIG
United States Magistrate Judge